# United States DistricCourt

for the

# District of Connecticut

| | | |
|---|---|---|
| PETER T. SZYMONIK, for himself and as a parent of minor children S.S., A.S., J.S. and step-parent of E.S, and MONICA L. SZYMONIK for herself and as parent of minor children S.S., E.S. and step-parent of A.S. and J.S. | ) ) ) ) ) ) | Case No.     3:18-cv-00263-MPS |
| Plaintiffs, | ) ) ) | |
| -v- | ) ) | |
| STATE OF CONNECTICUT, JORGE SIMON (in his official capacity as judge of Superior Court and individual capacity), LESLIE OLEAR (in her official capacity as Presiding Judge of the Hartford Family Court and her individual capacity), LINDA PRESTLEY (in her official capacity as a Family Court Judge and her individual capacity), GRANT MILLER (in his official capacity as a Family Court Judge and in his individual capacity), GEORGE JEPSEN (in his official capacity as Attorney General of the State of Connecticut and his individual capacity), KEITH YAGALOFF (in his official capacity as an officer of the State of Connecticut Court System and in his individual capacity) | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

Defendants,                              )
_____ )          August 2, 2018

## AMENDED COMPLAINT

Plaintiffs hereby respectfully amend their complaint in response to the court's order on May 15, 2018 [16] that Plaintiffs either file a response to a motion to dismiss filed by the State of Connecticut [13] and Defendant Keith Yagaloff or file an amended complaint.

## A.      **JURISDICTION**

The federal court has jurisdiction over the claims raised in this complaint under 42 U.S.C. 1983. Plaintiffs have approached and exhausted all state level appeals regarding the claims and issues raised (See A025-A038).

The federal court has jurisdiction because the State of Connecticut has opted to treat Plaintiff Peter Szymonik (and through him his minor children, two with federally protected disabilities) as if they have no constitutional rights in the state court. The state court prohibited Peter Szymonik from filing motions for declaratory judgment (See A008-A024). Peter Szymonik was also prohibited from filing motions for declaratory judgement in quasi-criminal proceedings (See A134, A136).  The state court has blocked Peter Szymonik and his counsel from filing their well-supported and well-articulated motions. The state court has prohibited Peter Szymonik and his counsel from presenting supporting evidence for his grievances – including evidence already contained with his case file. This directly contradicts the courts own findings and rulings. The state court has prohibited Peter Szymonik from enjoying fair, proper and timely hearing of his grievances without statutory or other constitutionally sound authority. The state court has effectively barred the doors to the courthouse and treated Peter Szymonik as is he is a ward of

2

the state, in violation of his First Amendment "right to petition". This leaves Peter Szymonik subject to the whims of the state with no methods to access justice for himself or his children. More recently, the state court has now also denied Peter Szymonik his due process right to use an attorney in quasi-criminal proceedings where he faces the loss of his property and liberty (See A129-A132).

The federal court has jurisdiction over claims alleging conspiracy and violations of fundamental rights under the color law and when state actors and judges violate their oaths to uphold the Constitution. The federal court has jurisdiction over claims which implicate the rights of children with federally protected disabilities; and when state actors violate the fundamental rights of parents of those children with federally protected disabilities. The federal court has jurisdiction over violations of federal wage garnishment, debt collection law, and child support laws when those laws are violated by state actors.

It is disingenuous for the state to claim that the federal court does not have jurisdiction over constitutional issues when the state is simultaneously refusing to respond to well-supported and well-documented constitutional challenges that Peter Szymonik presented before both the state trial and reviewing courts (and also the Office of the Attorney General). The state is aware that should the federal court dismiss the complaint or not assume jurisdiction, it would leave the Plaintiffs and their children in a legal "No Man's Land". The members of the Szymonik family would be in an untenable situation where they have no legal forum to access justice, to have grievances heard, or a manner to defend themselves from claims made against them.

The State of Connecticut has necessarily invoked the jurisdiction of the federal court because the state trial, appellate and Supreme Courts have remained silent not responded to any

3

of the serious violations of constitutional rights and violations of federal law Peter Szymonik raised before the state reviewing and Supreme courts (See A006-A007).  Peter Szymonik appealed these violations and also petitioned them to the Supreme Court. The core of Peter Szymonik's grievances were the trial court's misuse of requests for leave. The state court has remained completely silent on the issue, ignoring state and federal case law and statutes cited (including Judicial Canons cited) as if the issues were never raised by him. Just as the state trial court was unconstitutionally disposing of Peter Szymonik's motions and denying them fair and proper hearing, the state reviewing courts are now also disposing of Peter Szymonik's appeals and petitions and denying them fair and proper review or articulation after years of delay.

The federal court has jurisdiction because Plaintiffs' rights were directly violated <u>by the state and state actors</u>. The violations are not the result of a domestic relations dispute between two private parties. The violations resulted from state action against Peter Szymonik and his children. They result from the state's complicity (and potential conspiracy) in allowing an officer, agent and proxy of the court to personally involve himself and manipulate Peter Szymonik's child with a federally protected disability. In direct violation of Peter Szymonik's rights as an equal fit custodial and decision-making parent. The state allowed an officer of the court to infringe on the Plaintiff's rights. Peter Szymonik's ex-wife did not move the court to impose requests for leave against Peter Szymonik. The state court did so and infringed on his due process rights of the state's own making and accord and without first establishing basis, reason or cause in an evidentiary hearing. No state court has articulated a legal or any other basis as to why Peter Szymonik and his counsel are being prevented from filing motions by the court.

4

**State Claim Under Rooker-Feldman:**

The State of Connecticut claims that the federal court does not have jurisdiction and cites Rooker-Feldman. Rooker-Feldman does not apply to this complaint because Peter Szymonik does not seek federal relief of an adverse final judgment by a state court. This complaint is instead filed to seek federal relief to correct ongoing violations of constitutional and due process rights by the family court, and which continue to this day. Peter Szymonik files this complaint to seek relief from the unconstitutional imposition and misuse of requests for leave that obstruct his Fourteenth Amendment right to due process (which includes the right to file motions and present evidence in both civil and quasi-criminal proceedings) and his right to obtain proper legal representation in a contempt hearing which threatens his liberty and property.

**State Claim of 11th Amendment Immunity:**

The State of Connecticut claims the federal court does not have jurisdiction and cites an 11th Amendment immunity. It is generally true that state family court judges may be immune for judicial acts within their jurisdiction, even if those acts have been done maliciously or corruptly. However, immunity is not absolute. When a state court judge acts knowing that they do not have jurisdiction, or in violation of statutory authority, or in violation of their oaths to uphold and protect the Constitution and the due process rights of litigants who come before them, judicial immunity is lost. Rankin v. Howard, (1980) 633 F.2d 844, cert den. Zeller v. Rankin, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326. A state judge must be acting within their jurisdiction as to subject matter and person to be entitled to immunity from civil action for their acts.

A judge as a state actor is not vested with the sovereign immunity granted to the state itself See: Rolfe v. State of Arizona, 578 F.Supp. 987 (D.C. Ariz. 1983); Rutledge v. Arizona Bd.

of Regents, 660 F.2d 1345, (9th Cir, 1981) cert. granted Kush v. Rutledge, 458 U.S. 1120, 102

S.Ct. 3508,73 L.Ed.2d 1382, affirmed 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d. 413, appeal

after remand 859 F.2d 732, Ziegler v. Kirschner, 781 P.2d 54, 162 Ariz. 77 (Ariz. App., 1989).

Absolute judicial immunity exists so that judges may act safe from retribution in order to

impartially adjudicate matters before them. However, equally important is the public expectation

and litigant's faith that judges will only wield and exercise the authority lawfully granted to them

by statutory authority and that they act within the necessary boundaries and all of the protections

afforded to every litigant who comes before them by the federal Constitution.

This complaint relates to state family court judges imposing requests for leave against

every motion filed by Peter Szymonik and his counsel since March 2015 without

statutory authority. The requests for leave are also in violation of his constitutional right to due

process and the First Amendment right to petition the government for redress of grievances.

The imposition is also in violation of the Connecticut Practice Book, which states that

request for leaves in family matters only apply to motions seeking to modify custody or child

support. The imposition of requests for leave is in violation of the court's own orders as the

orders state that only the Presiding Judge, in the administrative role granted to them, may review

and accept or deny requests for leave. All of these have been violated by the state family court

judges named as Defendants.

The state family court also acted in the absence of proper jurisdiction. Peter Szymonik

raised several jurisdictional challenges both during hearings and in motions filed. In point of fact,

the state family court held hearings and issued orders, including its July 2017 child support

orders, when it did not have jurisdiction. It did not have jurisdiction because the family court (as

a lessor court of equity), improperly acted knowing that there was active juvenile court matter and that the juvenile court (as a court of evidence and law) had jurisdiction. The family court, by improperly assuming jurisdiction, stripped away the statutory and constitutional protections that are afforded to parents and children involved in juvenile court matters. This violated equal protection because the family court denied Peter Szymonik and his children the same protections afforded to other parents and children that are similarly situated.

Finally, the state family court acted without jurisdiction by allowing hearings to be scheduled and heard on matters involving federally regulated child support and wage garnishment laws without a valid motion before the court which would allow the court to engage the judicial machinery. The state family court instead scheduled hearings solely in response to an email sent by Defendant Keith Yagaloff to the court's caseflow coordinator, asking her to schedule a hearing – and did so in order to circumvent the court's Clerk's Office. The court then held hearings and issued orders in Peter Szymonik's absence while at the same time preventing him from filing motions to protect his due process rights. This caused Peter Szymonik's counsel to withdraw due her inability to properly represent him, leaving him without proper legal representation. These acts reflect a state family court acting without proper jurisdiction, without statutory authority and in violation of the Constitution. This nullifies any claim of 11th Amendment immunity. Absolute judicial immunity in these circumstances is contrary to the public faith and policy expectation that there exists Rule of Law.

### B.    NATURE OF THE CASE

The issue before the federal court is the systematic denial of fundamental and procedural due process rights. Plaintiffs are not approaching the federal court to ask the federal court to

overturn any specific adverse state court ruling. Plaintiffs instead argue that they are being denied their fundamental rights to access justice in the state courts. This results from the unconstitutional imposition and near automatic denial of request for leaves on motions they and their counsel have filed since March of 2015 in the state family court (See A060-A061).

The immediate effect of this denial of fundamental rights includes the state erasing the existence of their youngest child as a qualifying child for child support calculations. This has severely impacted two of their children who have federally protected disabilities. The state has further denied Peter Szymonik's rights in quasi-criminal proceedings by refusing to allow him to file motions seeking declaratory judgment. This has left the Plaintiffs, and through them their minor children, with no meaningful ability to participate in state litigation in which they are supposedly parties.

Plaintiffs are not appealing state court decisions on a federal level. Plaintiffs are seeking declaratory judgment on what their constitutional rights are as parties involved in litigation in the family court. Peter Szymonik seeks a ruling in the federal court that the request for leave process the state has imposed on the Plaintiffs (and their counsel) is unconstitutional. Plaintiffs are solely seeking prospective relief in the form of immediate injunctive relief. Peter Szymonik has provided the federal court with a copy of his state appellate court filing and brief as an exhibit solely as a reference and illustration of the manner in which the state courts have denied his constitutional rights and how the state courts have remained silent in regards to the constitutional challenges Peter Szymonik has raised while allowing the violations to continue.

Peter Szymonik is unable to petition for justice on state court level as result of the same request for leave process, which is the basis of this complaint. Peter Szymonik has filed at least

three well-articulated and well-supported motions asking the state court to vacate the request for leave mandates imposed against him, citing constitutional infringements (See A039-A048). The state juvenile court (a court of evidence and law) agreed with Peter Szymonik and his constitutional arguments. The juvenile court vacated the request for leave mandate it imposed against him and his filings in June of 2017.

In stark contrast, the state family court (a lessor court of equity) has instead steadfastly refused to do so. The state family court has blocked Peter Szymonik from even filing motions to vacate the request for leave when he and his counsel have been forced to file requests for leave along with said motions to vacate. The state reviewing courts have remained silent on the issue and the clear due process contradiction.

The state family court has also contradicted its own orders by allowing trial court judges, and judge trial referees, who have not presided over any hearings in the matter and are not assigned to the case, to review and deny requests for leave. Yet the state family court's own request for leave orders state that only the Presiding Judge, as a judge with administrative authority, can review and accept or deny request for leaves. This recent change did not result from any proceeding or order of the court which altered its prior request for leave order.

The state family court has nearly automatically denied every request for leave and underlying motion filed by Peter Szymonik and his counsel since March of 2015, even though the leaves and filings were unopposed by opposing counsel.

In stark contrast, the state family court has allowed opposing counsel and Defendant named in this action, Keith Yagaloff, to have his motions filed without requests for leave. Keith Yagaloff has been allowed by the state court judges named as Defendants to have hearings

scheduled in violation of all known and proper due process and by sending emails to the court's case flow office requesting hearings, so he could avoid the court's request for leave mandate. Peter Szymonik has often been served notice of hearings by the court after the hearings were already held in his absence.

Peter Szymonik sought relief of the request for leave mandate with both the Appellate and Supreme Courts. The state Appeals and Supreme courts refused to acknowledge or respond to Peter Szymonik's motions and appeals and their constitutional implications. The state Supreme Court remained silent and refused a petition to review the issue and its constitutional implications (See A025-A038).

This scenario, taken in conjunction with Peter Szymonik's and his counsels' inability to have their motions filed or heard, means that Peter Szymonik has no ability of any kind to appeal or challenge the unconstitutional request for leave scheme in any state court.

Plaintiffs pray the federal court to consider that should the complaint before the federal court be dismissed, this would create an immediate, untenable and astounding situation where the Szymonik's youngest child, who is a citizen of the United States and also the Republic of Poland. would enjoy no legal representation of any kind before either the state or federal court. Because both of the child's fit parents would simultaneously denied any right to represent themselves or their children's interests before either the state or federal courts – including two children with federally protected disabilities.

## C.     CAUSE OF ACTION

Plaintiffs allege that their constitutional rights and rights under federal law and their children's Constitutional rights under federal law (most notably their children with federally

10

protected disabilities) have been and continue to be violated by the State of Connecticut and named Defendants:

**Claim 1.** The State of Connecticut and the named Defendants have violated and denied, and continue to violate, the Plaintiffs' their **First Amendment** rights.

**Summary of Supporting Facts:**

The request for leave mandate restrains Peter Szymonik from entering the court to have his grievances addressed. The First Amendment guarantees all citizens the right to petition the government. This right cannot be stripped from a U.S. citizen without a compelling state interest. Even if the state relied on a compelling state interest, the requests for leave have been ongoing since March 2015. This means that the court has not infringed on Peter Szymonik's right to petition in a narrowly tailored fashion. Finally, the court, having imposed requests for leave on virtually every motion Peter Szymonik filed has not applied least restrictive means to carry out any theoretical compelling state interest.

**Claim 2.** The State of Connecticut and the named Defendants have violated and continue to violate the Plaintiffs' **14th Amendment** rights.

**Summary of Supporting Facts:**

The Fourteenth Amendment guarantees equal protection of the laws to similarly situated citizens. Peter Szymonik is similarly situated with other law abiding, fit parents who have been divorced. He is similarly situated with his former wife. Other divorced parents who use the state family court to redress their grievances are able to file motions, have their motions calendared and heard by a judge. They are able to present evidence. They are also able to hire counsel. Peter Szymonik has been deprived these rights since March 2015. Peter Szymonik is being treated by the state as

11

a second class citizen. The state has not applied the proper balancing test to determine if it is necessary to deprive him of Equal Protection and has not determined if this deprivation was to carry out a compelling state interest. The state has not applied least restrictive means in a narrowly tailored fashion.

**Claim 3.** The state family court has operated absent proper jurisdiction and without addressed jurisdictional challenges.

**Claim 4.** The state family court judges named have enabled and allowed an officer, agent and proxy of the court to repeatedly infringe on Peter Szymonik's constitutional and parental rights in a manner which may rise to the level of conspiracy. The state family court judges have refused to adhere to Judicial Canons or to respond to clear evidence and knowledge of the misconduct and infringement. When Peter Szymonik raised this issue and presented evidence of the infringement and misconduct to the Presiding Judge in Hartford, Judge Olear, he was instructed by her to "file a motion". Which he did. Judge Olear than prevented the motions from being filed, heard or responded to by imposing and then denying requests for leaves she mandated that they be filed with. The state appeals court also remained silent on the infringement, and also refused to respond in accordance with Judicia Canons (See A063-A073).

**Supporting Facts:**

The state family court has imposed requests for leave to prohibit Peter Szymonik and his counsel from having their well-articulated and well-supported motions filed and heard without any statutory or constitutionally sound authority to do so. To illustrate this point, the state family court's Request for Leave form (JD-FM-202) does not contain a supporting statutory reference (See A004-A005). The state family court has imposed requests for leave to prevent and prohibit

Peter Szymonik and his counsel from having their well-articulated and well-supported motions filed and heard without any Practice Book authority to do so.

The State of Connecticut Practice Book (unconstitutionally) differentiates requests for leave procedures between family law and every other type of law. Only in the family law section does the Practice Book leave the filing of a motion up to judicial discretion if a request for leave is unopposed. This is both illogical and unconstitutional. This is completely unsupported by state statute. To illustrate this point, the family court's Request for Leave form does not contain a supporting statutory reference (See A004-A005). Further, if it is assumed valid, the family matter reference (and referenced court request for leave form) indicate that requests for leave in family matters only apply to motions to modify custody protect due process rights, motions for declaratory judgment, and motions for appointment of counsel.

In the case of Peter Szymonik, the state family court has imposed requests for leave against <u>all</u> of his motions, regardless of their nature, without an evidentiary finding that his or his counsel's motions are frivolous. The state family court's orders reflect that only the Presiding Judge, as a judge granted administrative authority, may review, accept or deny requests for leave. Instead, the state family court has allowed judges who are not even assigned to the case to summarily dispose of Peter Szymonik's motions which are before another judge. This occurs absent statutory, administrative, Practice Book or constitutionally sound authority to do so.

Further, JDNO notices issued by the court (See A133-A136) reflect that the state family court issued rulings on the contents of the underlying motions that the requests for leave were filed with. This violates due process because the court is issuing rulings on the contents of motions without allowing the motions to be filed. The rulings come without the presentment of

evidence or hearing of testimony. This reflects an act of extreme and immediate judicial bias. It violates Equal Protection, as other citizens and litigants before the state family court are allowed to the have their motions filed and properly heard.

In stark contrast, these same restrictions have not been enforced against Keith Yagaloff in filings he has made. Keith Yagaloff has instead been allowed to engage the judicial machinery (as an officer, agent and proxy of the court), without even filing motions. He has been allowed to schedule hearings simply by sending emails to the court's caseflow coordinator, asking her to schedule hearings for him. These hearings are then scheduled by court without service of process to Peter Szymonik, without opportunity for him to respond or object, then held in his absence. This supports a claim of conspiracy.

All of these actions represent a state family court that operates in an unconstitutional, imperial, if not rogue manner. It immediately calls into the question the jurisdiction, statutory authority and integrity of the state family court which Peter Szymonik raised but was ignored through the misuse of requests for leave. Peter Szymonik has even had his well-supported complaints before the state reviewing courts ignored, leaving the critical issues of jurisdiction unresolved to this day.

In August of 2017 to the present day, Peter Szymonik approached the State of Connecticut Office of Attorney General numerous times to seek assistance to have his and his children's fundamental rights protected. Peter Szymonik requested (for the second time since the fall of 2016), that the Attorney General intervene in the family matter to ask the state family court to allow the filing of the motions that protect his due process rights. The Office of the Attorney General refused, claiming that they could not involve themselves with individual

14

matters. This is in spite of the fact that the Attorney General set precedent in another case with almost identical circumstances involving the state family court's misuse of requests for leave, by intervening in that matter (See A001-A003) This represents the State of Connecticut deliberately denying Equal Protection.

Peter Szymonik also contacted the State of Connecticut Office of Child Support Enforcement Services, copying the Chief Court Administrator and Chief Administrative Judge of the State of Connecticut Family Division. The Office of Child Support Enforcement informed Peter Szymonik that he was entitled to a hearing and needed to file a motion with the court (See 104). However, they offered no solution when Peter Szymonik informed them that he and his counsel were being prohibited from filing motions by the state family court. Neither the Office, the Chief Court Administrator, or Head of the Family Division responded to the request for an immediate administrative review hearing.

Peter Szymonik approached the United States Department of Justice in New Haven, also filing a formal Citizen's Complaint. The office also responded by instructing Peter Szymonik to obtain legal counsel – ignoring that Peter Szymonik had legal counsel, but that he and his counsel were being prohibited from filing motions (See A046-A062).

The above facts represent yet another violation of due process and Equal Protection of the laws and undermine the jurisdiction of the state family court. Other parents who wish to modify or correct their erroneous child support payments are able to have such hearings held where they are informed of their rights and afforded counsel. The state is denying all of these rights to Peter Szymonik through the misuse of requests for leave.

On July 9, 2018, Peter Szymonik filed for the appointment of counsel. The state family

15

court again violated Peter Szymonik right to an attorney of his choosing when it refused the motion (See A129-A133). This act by the court denies Peter Szymonik his due process right to proper legal representation.

The State of Connecticut Office of the Attorney General are aware of these jurisdictional and constitutional errors. They are copied on every motion which was improperly disposed of and have yet taken no corrective action to protect and uphold constitutional rights. The Attorney General is aware that the state is clearly seizing Peter Szymonik's property and wages for the wrong amount, and that the state family court refuses to allow Peter Szymonik or his counsel to file motions to ask the state to review and correct its own error. The Attorney General is aware of the significant federal overlay over state child support collection. The Attorney General is aware that to date, over $10,000 has been seized from Peter Szymonik based on the state's own clear error and the infringement of Peter Szymonik's fundamental rights.

The State of Connecticut is taking financial advantage of its own error by continuing to seize Peter Szymonik's property and wages for what is clearly the wrong amount. Given that the state receives federal matching dollars from the amount of child support it reports to the federal government that it collects, this represents willful and deliberate fraud by the state against the federal government and its taxpayers. This supports a claim of conspiracy.

D.    **OTHER STATE AND FEDERAL PROCEEDINGS**

Plaintiff Peter T. Szymonik is a party to the following other legal proceedings which have been impacted by some of same issues implicated in this action:

1.   **State of Connecticut Superior Court for Family Matters, Hartford, CT:** *Sans (f/k/a Szymonik), Stephanie v. Szymonik, Peter,* docket number HHD-FA06-4024147-S.

16

Dissolution of marriage, April 1, 2008. Since Match of 2015, the state family court has prevented and prohibited Peter Szymonik and his counsel from filing dozens of motions, including motions for declaratory judgment and motions to protect fundamental due process and constitutional rights, through the misapplication of requests for leave.

2. **State of Connecticut Court of Appeals, Hartford, CT.** *Sans (f/k/a Szymonik), Stephanie v. Szymonik, Peter* AC36301**.** Peter Szymonik, through appellate counsel, appealed financial orders issued by the Hartford Family Court on October 11, 2013 claiming violation of his due process rights. Peter Szymonik's ex-wife did not challenge or participate in the appeal. On August 26, 2016, Peter Szymonik prevailed. The State of Connecticut Appeals Court found that state family court violated Peter Szymonik's due process rights, in part, because he was not afforded the opportunity to cross examine his former wife on her financial affidavit. The state court of appeals vacated the family court's October 11, 2013 financial orders, causing the court's prior, prevailing and day-forward April 2011 financial and support orders to remain in effect. The appeals court granted Peter Szymonik a remand hearing which he did not pursue because the issue was moot by the time the opinion was rendered.

3. **State of Connecticut Court of Appeals, Hartford, CT.** *Szymonik v. Szymonik* AC39789. In November of 2016, Peter Szymonik was forced to file an interlocutory appeal, as a Pro Se party, when the state family court was refused to follow Judicial Canons and respond to clear evidence and knowledge of attorney misconduct on the part of Defendant Attorney Keith Yagaloff. The appeal illustrated evidence before the court that Keith Yagaloff had turned himself into a witness in the family matter by personally involving himself with Peter Szymonik's minor child with a federal protected disability. Keith Yagaloff did so in order to

17

exploit the child's autism to self-manufacture claims. Keith Yagaloff then used his manufactured claims to influence matters before the state and federal courts in a manner which rises to the level of fraud before the court. He also did so to promote an unethical personal financial interest he assumed in matters before the state and federal courts. These acts all represented an infringement of Peter Szymonik's constitutional and parental rights. On January 6, 2017, the Hartford Family Court issued orders which significantly altered the court's prior parenting time and decision-making orders without stated reason or cause. On January 11, 2017, the state appeals court dismissed, without articulation, the interlocutory appeal on the court's refusal to follow Judicial Canons.

1. **State of Connecticut Court of Appeals, Hartford, CT.** *Sans (f/k/a Szymonik), Stephanie v. Szymonik, Peter,* AC 40115.

In January 2017, Peter Szymonik appealed the above orders of the Hartford Family Court due to the court's refusal to issue a declaratory judgement as to what his legal rights were as a fit parent; and ongoing misuse of requests for leave. The court's failures resulted in Peter Szymonik being stripped of most of his parental rights to his two sons. The appeal illustrated the failure of the court to determine a compelling state interest for restricting Peter Szymonik's parental rights. The appeal also argues that because the court did not issue declaratory judgements and prohibited Peter Szymonik from filing motions in this case, his Fourteenth Amendment right to due process was violated. Peter Szymonik cited significant statutory, procedural and due process concerns. From April of 2008 through June of 2015, Peter Szymonik's sons benefitted from spending equal parenting time with both of their parents and he extensive supports provided to them by both of their families – especially the

18

child with autism. On June 2015, Peter Szymonik's ex-wife engaged in self-help by refusing to transition Peter Szymonik's son with autism to him as per court orders. She also refused to send him to school. She cut off all contact with the child in order to alienate the child from his father, family members and school system. Peter Szymonik's ex-wife did so in order to promote a lawsuit she filed through Keith Yagaloff filed and in the child's name against the Town of Glastonbury and State of Connecticut, claiming that they were not educating the child and violating federal special education law. Based on claims they themselves self-manufactured. Peter Szymonik's ex-wife rewarded the minor children for skipping and missing over 300 days of school while under her exclusive control, as she herself lost her employment as a school teacher by not showing up for work 114 times. She did this with the personal aid and abetment of Keith Yagaloff.

Simultaneously, the state and state actors infringed on Peter Szymonik's constitutional and parental rights by preventing him *or his attorneys* from filing motions by misusing request for leaves. They have instead denied him the right to access justice and to have his grievances heard as an equal fit, custodial and decision making parent. Judge Jorge Simon and Judge Jose Suarez prohibited the filing of four emergency ex parte motions filed at the guidance of the State of Connecticut Department of Children and Families and Town of Glastonbury. The motions were filed to ask the court to enforce its own parenting orders in order to allow Peter Szymonik to access his children so he could get them to school. Instead, the state family court refused to allow the filing of these motions, refused to enforce its own parenting orders, and refused to uphold or protect Peter Szymonik's federally protected rights as a fit, equal custodial and decision making parent. The State of Connecticut and state

19

family court judges named as Defendants in this action instead enabled and rewarded open contempt of the court's own parenting orders as the children continued to skip and miss dozens of days of school. The State of Connecticut and named state family court judges enabled and rewarded Keith Yagaloff's unethical and predatory misconduct with the children in violation of Judicial Canons, the Professional Rules of Conduct for Attorneys and the Attorney's oath and in a manner which may rise to the level of conspiracy.

In July of 2017, the appeal was amended to include financial and support orders issued by Defendant Judge Jorge Simon on July 6, 2017 which altered the court's prior and prevailing April 2011 support orders. Peter Szymonik again cited significant statutory, procedural and due process concerns. This because Defendant Judge Jorge Simon again violated Peter Szymonik's due process rights by refusing the filing and hearing of motions to allow Peter Szymonik time to prepare for a hearing, time to engage legal counsel or to obtain evidence by again misapplying and misusing requests for leave. Judge Simon instead held a hearing in the absence of Peter Szymonik. He issued punitive and unlawful support orders based on clear, obvious, mathematical and factual (if not deliberate) error. The July 2017 support orders issued by Defendant Judge Jorge Simon are unsupported and contradicted by every prior finding and order of the court going back ten years – including evidence already in the case file. The orders are unlawful as they violate federal wage garnishment and debt collection laws because they exceed the 55% maximum garnishment limit allowed by federal law. The orders also failed to factor in the existence of the Plaintiff's new daughter for child support calculation purposes. Since July of 2017, the state family court and prevented and prohibited Peter Szymonik *or his counsel*, from filing motions to ask the court and review

and correct its own clear and obvious error through the misapplication and misuse of requests for leave.

In March of 2018, Peter Szymonik was again forced to amend the appeal to include ongoing statutory, procedural and due process violations by the Hartford Family Court. Including the misuse of request for leaves which prevented and prohibited Peter Szymonik from having his motions properly filed and heard by the court. This as the court attempted to instead enforce a portion of its July 2017 support orders which were clearly unlawful and based on clear and obvious mathematical, factual and other error by the court. Proceedings in which Peter Szymonik faced the loss of his property and incarceration. This included the court refusing to accept and respond to a motion for declaratory judgment related to the court's quasi-criminal proceedings.

Also in March 2018, Peter Szymonik filed a petition to the State Connecticut Supreme Court specifically asking the State Supreme Court to examine and review ongoing constitutional violations by the state family court. The petition was denied, leaving none of the constitutional issues addressed raised on appeal or in the petition addressed, resolved or responded to by the state Supreme Court (See A125-A138). This further emboldened the state family court as it continued to dispose of every motion filed Peter Szymonik to allow him defend himself or to represent himself and the interests of children and family with federally protected disabilities.

On July 9, 2018, Peter Szymonik filed a motion asking the state family court to appoint his former appellate counsel as his counsel in the family matter. Counsel agreed to represent Peter Szymonik on the condition that the state family court agreed not to impose request for

leaves on his motions and that Peter Szymonik not file motions relate to the financial issues before the court while he was represented by counsel. Peter Szymonik agreed and so filed See A128-A132).

The Hartford Family Court refused to accept the motion, denying Peter Szymonik his fundamental right to be presented by a counsel of his choosing as he faced quasi-criminal proceedings, and without having his rights declared by the trial court, or upheld by the appellate court, or any opportunity review made available to him by the Supreme Court.

2. **U.S. District Court for the State of Connecticut,** *J.S., A Minor Child, By and Through is Mother and Next Friend, Stephanie Sans,* 3:16-cv-01901-JAM. In October of 2016, Peter Szymonik's ex-wife, and through her divorce counsel Keith Yagaloff, filed a lawsuit in the name of the minor child with a federally protected disability against the Town of Glastonbury and State of Connecticut alleging violations of federal special education law. The lawsuit was filed in the minor child's name in violation of state court parental decision-making orders and without Peter Szymonik's prior notice or consent. Peter Szymonik intervened in the action in November 2016 in order to protect and preserve his federal recognized rights as a fit and equal custodial and decision-making parent and as a parent of a child with a federally protected disability. He was forced to do so because the state family court was preventing him from doing exercising his federally recognized parental rights by preventing him and his counsel from filing motions through the misapplication and misuse of requests for leave. On September 14, 2017, the U.S. District Court (Hon. J. Meyer) found in the Board of Education, State of Connecticut and Peter Szymonik's favor. The U.S. District Court cited state and federal case law. The federal court found that Peter Szymonik's former wife had no

22

authority to unilaterally initiative suit in their child's name without Peter Szymonik's consent as an equal custodial parent.

3. **U.S. District Court of Appeals for the Second District** *J.S., A Minor Child, By and Through is Mother and Next Friend, Stephanie Sans*, 17-3290. In December of 2017, Peter Szymonik's ex-wife, again through her divorce counsel Keith Yagaloff, filed an appeal of the federal court's dismissal of her lawsuit against the Town of Glastonbury and State of Connecticut.  They again filed without the prior notice or consent of Peter Szymonik. Peter Szymonik was again forced to intervene in the federal action in order to protect and preserve his federal recognized rights as a fit and equal custodial and decision-making parent and as a parent of a child with a federally protected disability. He was forced to do so because the state family court was continuing to prevent him from doing exercising his federally recognized parental rights by preventing him and his counsel from filing motions through the misapplication and misuse of requests for leave. The appeal remains active as of the time of this filing.

**E.  REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs request and pray that the court grant the following relief:

1. A declaratory judgment that the state family court's request for leave process violates Plaintiff Peter Szymonik's federal constitutional right to due process under the 14th Amendment.

2. A declaratory judgment that the state family court improperly denied Plaintiff Monica Szymonik's request to intervene in order to represent the legal and financial interests of her children when the court prevented her husband from doing so.

3. An immediate prejudgment injunction prohibiting the state family court from imposing request for leaves against motions filed by Peter Szymonik or his counsel.

4. An immediate prejudgment injunction ordering that Peter Szymonik be allowed to engage counsel of his choosing to represent him in matters before the state court.

5. An award of attorney's fees as the court may deem appropriate.

**F.      JURY DEMAND**

Plaintiffs do not request a jury trial at this time.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declare under penalty of perjury that they are the Plaintiffs in the above action, that they have read the above complaint and that the information it contains is true and correct to the best of the knowledge. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Signature of Plaintiff  Peter T. Szymonik:



Signature of Plaintiff Monica L. Szymonik:



Signed the 2nd day of August 2018 in Glastonbury, CT

Peter T. Szymonik and Monica L. Szymonik
Plaintiffs
142 Chimney Sweep Hill Road
Glastonbury, CT 06033
Tel. (860) 614-7721
Fax. (860) 812-2092
Email. szymonik@gmail.com

## CERTIFICATE OF SERVICE

Plaintiffs hereby certify that on August 2, 2018, a copy of the foregoing was filed electronically and served on all parties by third party electronic mail, and/or third party fax, and through operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Asst. Attorney General Philip Miller
55 Elm Street
P.O. Box 120
Hartford, CT 06141
Tel. (860) 808-5020
Fax. (860) 808-5347
Email: phil.miller@ct.gov

Attorney Keith Yagaloff
1343 Sullivan Avenue
South Windsor, CT 06074
Tel: (860) 432-5400
Fax: (860) 432-5402
Email: keith@yagaloff.com

By:_____/s/_____

Peter T. Szymonik and Monica L. Szymonik
Plaintiffs
142 Chimney Sweep Hill Road
Glastonbury, CT 06033
Tel. (860) 614-7721
Fax. (860) 812-2092
email: szymonik@gmail.com

Signed 2 August 2018

26